UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
Ulises Guzman,

                        *Plaintiff*,

           - against -

Banana Kelly Community Improvement Association, Inc.,

                        *Defendant*.
---------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

**COMPLAINT**

Plaintiff Ulises Guzman ("Plaintiff" or "Muniz"), , by and through his attorneys, Levin-Epstein & Associates, P.C., brings this complaint against Banana Kelly Community Improvement Association, Inc. (the the "Defendant"), and states as follows:

## NATURE OF THE ACTION

1. Despite being afforded numerous opportunities to resolve this dispute prior to the filing of the instant action, Defendant failed to meaningfully participate in any settlement discussions or engage in a good-faith process to resolve the matter. At no point did Defendant pursue, respond to, or otherwise consider reasonable efforts to negotiate a settlement, leaving Plaintiff with no alternative but to seek relief through this litigation.

2. Plaintiff brings this lawsuit seeking recovery, against Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

3. Plaintiff seeks to recover unpaid overtime wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

1

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

5. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA.

6. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF ULISES GUZMAN**

7. Plaintiff Muniz was employed as a superintendent at Defendant's residential properties, located at: (i) 911 Longwood Ave. Bronx, NY 10459; and (ii) 850 Longwood Ave. Bronx, NY 10459 (together, "Defendant's Properties").

8. Plaintiff Muniz was employed as a non-managerial employee at Defendant's Properties from on or around April 2002, through and including, September 20, 2024.

9. At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

10. At all relevant times, Plaintiff has been a manual worker within the meaning of NYLL § 191(1)(a).

**DEFENDANT BANANA KELLY COMMUNITY IMPROVEMENT ASSOCIATION, INC.**

11. Upon information and belief, Defendant Banana Kelly Community Improvement Association, Inc. is a domestic not-for-profit corporation organized and existing under the laws

2

of the State of New York. Upon information and belief, it maintains a principal place of business at 941 Intervale Ave., Bronx, NY 10459, and alternate addresses at: (ii) 960 Prospect Ave., Bronx, NY 10459; and (iii) 863 Prospect Ave., Bronx, NY 10459.

12. At all times relevant to this Complaint, Defendant Banana Kelly Community Improvement Association, Inc.: (i) has had and continues to have employees engaged in commerce or working with goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

13. At all times relevant to this Complaint, Defendant Banana Kelly Community Improvement Association, Inc. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

14. At all times relevant to this Complaint, Defendant Banana Kelly Community Improvement Association, Inc. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

15. Defendant Banana Kelly Community Improvement Association, Inc. possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

16. Defendant Banana Kelly Community Improvement Association, Inc. had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

17. Upon information and belief, Defendant Banana Kelly Community Improvement

Association, Inc. owns over twenty (20) residential apartment buildings throughout the South Bronx.

**FACTUAL ALLEGATIONS**

18. Plaintiff was an employee of Defendant.

19. Plaintiff was employed as a superintendent at Defendant's Properties, from on or around April 2002, through and including, September 20, 2024.

20. Plaintiff's responsibilities as a superintendent included, *inter alia*: collecting garbage and recycling, hauling refuse bins to and from the curb, sweeping the sidewalk, cleaning the buildings' hallways and common areas, changing lightbulbs, maintaining the buildings' appearance, communicating with tenants regarding repairs, painting, plumbing, purchasing supplies, repairing bathroom faucets and fixtures, repairing kitchen faucets and fixtures, repairing appliances, communicating with contractors and other building employees, shoveling snow, and generally serving as the first point of contact for resident service requests.

21. Plaintiff regularly handled goods in interstate commerce, such as cleaning supplies, and garbage bags which were necessary to perform his duties as a superintendent.

22. Plaintiff's work duties required neither discretion nor independent judgment.

23. From approximately December 2018 through and including September 20, 2024, Plaintiff worked approximately seven (7) days per week, as follows: Monday through Friday from approximately 7:00 a.m. to 4:00 p.m. (*i.e.,* 9 hours per day), and Saturdays and Sundays from approximately 7:00 a.m. to 8:30 a.m. (*i.e.,* 1.5 hours per day), for a total of approximately 45.5 hours during each of the weeks.

24. From approximately December 2018 through and including March 2023, Defendant paid Plaintiff $16 per hour, for the first forty (40) hours of work, and for any work

performed on Saturdays and Sundays, as set forth above.

25. From approximately April 2023 through and including September 20, 2024, Defendant paid Plaintiff $18 per hour, for the first forty (40) hours of work, and for any work performed on Saturdays and Sundays, as set forth above.

26. Plaintiff was required to work in excess of forty (40) hours per week, but never received an overtime premium of one and one-half times his regular rate of pay for all hours worked.

27. Defendant never granted Plaintiff with meal breaks or rest periods of any length.

28. Plaintiff was not required to keep track of Plaintiff's time, nor to Plaintiff's knowledge, did the Defendant utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected Plaintiff's actual hours worked.

29. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

30. Defendant did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

31. Defendant did not give any notice to Plaintiffs of Plaintiff's rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

32. At all relevant times, Defendant did not pay Plaintiff at the rate of one and one-half times their hourly wage rate for hours worked in excess of forty per workweek.

## FIRST CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

33. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

34. At all relevant times to this action, Plaintiff is a covered, non-exempt employee

within the meaning of the FLSA.

35. Defendant was required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

36. Defendant failed to pay Plaintiff the overtime wages to which they are entitled under the FLSA.

37. Defendant willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

38. Due to Defendant's willful violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (NYLL – Unpaid Overtime Wages)

39. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

40. Plaintiff is a covered, non-exempt employee within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

41. Under the NYLL and supporting NYDOL Regulations, Defendant is required to pay Plaintiff one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

42. Defendant failed to pay Plaintiff the overtime wages to which they are entitled under the NYLL.

43. Defendant willfully violated the NYLL by knowingly and intentionally failing to

pay Plaintiff overtime wages.

44. Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

45. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

46. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

47. In violation of NYLL §195 (1), Defendant failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

48. By failing to provide wage notices and statements disclosing Plaintiff's non-exempt status, regular hourly rate, overtime rate, and hours worked, Defendant prevented Plaintiff from identifying unpaid overtime, thereby depriving Plaintiff of overtime wages they otherwise would have been able to claim.

49. Due to Defendant's violations of NYLL §195 (1), Plaintiff is entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action,

pursuant to the NYLL §198 (1-b).

## FOURTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

50. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

51. With each payment of wages, Defendant failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

52. Plaintiff alleges that, had Defendant complied with NYLL §§ 195(1)(a) and 195(3), Plaintiff would have promptly realized his entitlement to overtime compensation and would have identified the resulting wage deficiencies to Defendant for correction.

53. Defendant's failure to provide wage notices and paystubs accurately listing all hours worked and all applicable rates of pay—including overtime hours and overtime rates—deprived Plaintiff of the information necessary to contest the wages paid, enabled Defendant to conceal their unlawful pay practices, and ultimately necessitated the filing of this action.

54. As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter a judgment:

a. declaring that Defendant violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

b. declaring that Defendant violated the notice statement pay provisions of the NYLL and WTPA;

    c.    awarding Plaintiff unpaid overtime wages;

    d.    awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

    e.    awarding unpaid wages under the NYLL;

    f.    awarding Plaintiff statutory damages as a result of Defendant's failure to furnish accurate wage notice pursuant to the NYLL;

    g.    awarding Plaintiff pre- and post-judgment interest under the NYLL;

    h.    awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

    i.    Such other relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: New York, New York
        December 12, 2025

                                          Respectfully Submitted,

                                          By: /s/ Joshua Levin-Epstein
                                                Joshua Levin-Epstein, Esq.
                                                Eunon Jason Mizrahi, Esq.
                                                Levin-Epstein & Associates, P.C.
                                                420 Lexington Avenue, Suite 2458
                                                New York, NY 10170
                                                Tel. No.: (212) 792-0046
                                                Email: Joshua@levinepstein.com
                                                *Attorneys for the Plaintiff*